UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| IN RE: <br><br> CHARLES E. WALKER, <br><br> DEBTOR. | CHAPTER 11 <br><br> CASE NO. 16-03304 <br><br> JUDGE MASHBURN <br><br> **RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE** |
|---|---|
| MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION FOR WITHDRAWAL OF THE REFERENCE PURSUANT TO 28 U.S.C. § 157(d) ||

**Comes now,** Charles E. Walker, (the "Debtor"), by and through undersigned counsel, and hereby submits his Memorandum of Law in Support of his Motion for Withdrawal of the Reference pursuant to 28 U.S.C. § 157(d) and LBR 5011-2:

**CASE POSTURE:**

This case originated as a voluntary individual Chapter 11 case. A chapter 11 Trustee was appointed by the Court to replace the Debtor. The Trustee, without consulting with the Debtor, filed a Plan of Reorganization for the Debtor. The Debtor objected to the Trustee's Plan of Reorganization and filed a competing Plan of Reorganization. However, the bankruptcy court would not set the Debtor's Plan of Reorganization for a hearing. Instead, allowing the Trustee's Plan of Reorganization to go to confirmation hearing first and by itself. On June 12, 2017, the bankruptcy court held a confirmation hearing and over the Debtor's objections approved the Trustee's Plan of Reorganization. On June 14, 2017, the Trustee filed a Second Revised Plan of Reorganization and an Order was entered on June 14, 2017, confirming the Trustee's Second Revised Plan of Reorganization. The Debtor's constitutional challenges are now ripe.

## ISSUES:

**The Debtor has raised the following constitutional challenges to the Trustee's Plan of Reorganization Ordered by the Bankruptcy Court:**

1. Approval by the Bankruptcy Court of the Trustee's Plan of Reorganization for the Debtor violates the Debtor's constitutional right against involuntary servitude under the 13th Amendment to the United States Constituion and violates his civil rights under 42 U.S.C Section 1994, since the Debtor is an individual person and a Trustee has been appointed. In re Clemente, 409 B.R. 288 (N.J.Bkr.Ct.); Toibb v. Radloff, 501 U.S. 157, 165-66 (1991).

2. The Debtor has a fundamental right to engage in and continue his chosen profession of buying, selling and renting property. The Supreme Court has noted that "[i]t is undoubtedly the right of every citizen of the United States to follow any lawful calling, business, or profession he may choose . . .. This right may in many respects be considered as a distinguishing feature of our republican institutions." Dent v. West Virginia, 129 U.S. 114, 121 (1889); (5th Amendment protects every citizen and resident from infringement by the United States) Hibben v. Smith, 191 U.S. 310, 325 (1903); (The right to manage your own property and determine the place and manner of its investment is an inalienable right of every citizen.) Northern Sec. Co. v. Unites States, 193 U.S. 197, 317 (1904).

3. Debtor's liberty is at stake. In an individual chapter 11 case not only is the debtor's post-petition income property of the estate, so is anything he acquires. 11 U.S.C. S. § 1115(a)(2). The plan must commit Debtor's Income for up to five (5) years. 11 U.S.C.S. 1129(a)(15)(B). Should the Debtor fail to work the Trustee's plan, the debtor may be held in contempt of the court.[1] Not only is the trustee holding all of the Debtor's property hostage, the Trustee is holding the Debtor hostage since everything the Debtor acquired, buys, sells, barters or exchanges is under the Trustee's decision and control.

---

[1] Under 11 U.S.C. 105, bankruptcy courts have "the power to find a party in civil contempt." In re Dorado Marine, Inc., 343 B.R. 711, 713 (Bankr. M.D. Fla. 2006). ""The purpose of civil contempt sanctions is to (1) compensate the complainant for losses and expenses it incurred because of the contemptuous act, and (2) coerce the contemnor into complying with the court order." Jove Engineering, Inc. v. I.R.S., 92 F.3D 1539, 1555 (11th Cir. 1996) (citing EEOC v. Guardian Pools, Inc., 828 F.2d 1507, 1515 (11th Cir.1987); Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc., 793 F.2d 1529, 1534 (11th Cir.1986)). "Incarceration has long been established as an appropriate sanction for civil contempt." In re Burkman Supply, Inc., 217 B.R. 223, 226 (Bankr. W.D. Mich. 1998) (citing U.S. v. Bayshore Assocs., Inc., 934 F.2d 1391, 1399 (6th Cir. 1991)). Such an order could conceivably be issued for failure to comply with the terms of a confirmation order. See, e.g., Kidd v. Dalkon Shield Claimants Trust, 139 F.3d 890 (4th Cir. 1998). (using its inherent powers under §105 to issue an order to show cause why the FTB should not be held in contempt for collaterally attacking and refusing to comply with the plan confirmation order) In re Vodenos, 553 B.R. 786, 788-789, 2016 Bankr. LEXIS 2556, *4 (Bankr. C.D. Cal. July 12, 2016).

**RELIEF SOUGHT:**

1. **Withdrawal of the Reference. Withdrawal of the automatic bankruptcy reference is mandatory under 28 U.S.C § 157(d).**

2. **Enter an order dismissing the Debtor's Bankruptcy Case.**

**MEMORANDUM OF LAW:**

*Background*

In 1982, the Supreme Court held unconstitutional the broad grant of jurisdiction to bankruptcy judges contained in the Bankruptcy Act of 1978, which included the authority to hear and finally determine all bankruptcy-related matters. Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982). Congress reacted by enacting the Bankruptcy Amendments and Federal Judgeship Act of 1974, Pub. L. No. 98-353, 98 Stat. 333 (1984). Section 104 of the Act created 28 U.S.C. § 157, which defines the relationship between bankruptcy courts and district courts.

Despite the fact that district courts have "original and exclusive jurisdiction of all cases under title 11, "28 U.S.C. § 1334(a), a district court may "refer[] to the bankruptcy judges for the district" any or all bankruptcy cases. 28 U.S.C. § 157(a). All bankruptcy cases in this district are referred to the bankruptcy courts by automatic reference.

Once the case has been referred to the bankruptcy court, the extent to which that court may "finally determine" a matter depends on the case. A bankruptcy judge can "hear and determine" cases "under" title 11 as well as so-called "core proceedings." 28 U.S.C. § 157(b). But, absent the parties' consent, a bankruptcy judge may only submit proposed findings of fact and conclusion of law in non-core proceedings, which are to be reviewed *de novo* by a district judge. 28 U.S.C. § 157(c).

Finally, the district court may always withdraw the reference of a case (or part of a case) to the bankruptcy court and re-assert its exclusive jurisdiction:

> The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court *shall*, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (emphases supplied). The two sentences of section 157(d) are read separately, and are generally referred to as, respectively, the "permissive" and the "mandatory" withdrawal provisions. "A motion for withdrawal of a case or proceeding shall be heard by a district judge." Fed. R. Bankr. P. 5011(a). Id.

*Argument*

Debtor brings this motion to withdraw the reference pursuant to 28 U.S.C. § 157(d). Section 157(d) provides in part that:

> The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.
> [28 USCS § 157](d).

For mandatory withdrawal of the bankruptcy reference three conditions must be met: (1) the person seeking withdrawal must be a party to the proceeding; (2) the motion to withdraw the reference must be timely filed; and (3) resolution of the proceeding must require consideration of both the Bankruptcy Code and of non-bankruptcy federal statutes regulating interstate commerce. Camden Ordnance Mfg. Co. of Ark., Inc. v. United States Trustee (In re Camden Ordnance Mfg. Co. of Ark., Inc.), 245 B.R. 794, 806, 2000 U.S. Dist. LEXIS 2701, *30, 43 Collier Bankr. Cas. 2d (MB) 1625 (E.D. Pa. Mar. 9, 2000). Applying these considerations, Mr. Walker is a party to

his individual bankruptcy proceeding. The motion to withdraw the reference is timely filed and ripe for disposition. The Bankruptcy Court confirmed the Trustee's Plan of Reorganization on June 12, 2017. The Debtor's objection to the Trustee's Plan of Reorganization raised constitutional and federal law questions. For a resolution of the issues require consideration of both the Bankruptcy Code, 11 U.S.C § 1129 and the 13th Amendment to the United States Constitution, fundamental and penumbral rights under the United States Constitution, and interpretation of civil rights legislation under 42 U.S.C. § 1994. The right to work, civil liberties, involuntary servitude and civil rights all involve interstate commerce or were enacted pursuant to the Commerce Clause. <u>In re Avtex Fibers-Front Royal, Inc.</u>, 1991 U.S. Dist. Lexis 2273, No. 90-0510, *2 (E.D.Pa. 1991)(holding that "the ultimate non-Code law is the United States Constitution, and consideration of that law mandates withdrawal.") *cited by* <u>In re Camden Ordnance Mfg. Co. of Ark., Inc.</u>, 245 B.R. 794, 806 (E.D. Pa. 2000). Therefore, this court should withdraw the reference on the case.

*Debtor requests dismissal of the bankruptcy case*

To the extent a debtor has the resources to pay all of its creditors in full outside the protection of the Bankruptcy Code, continuation of a bankruptcy case does not serve a bankruptcy purpose. <u>AmeriCERT, Inc. v. Straight Through Processing, Inc. (In re AmeriCERT, Inc.)</u>, 360 B.R. 398, 401 (Bankr. D.N.H. 2007). This Debtor has a surplus estate. *See Disclosure Statement*. In light of the issues created by the Trustee's Plan of Reorganization, the Debtor respectfully requests this court withdraw the reference and enter a final order dismissing this bankruptcy case.

## CONCLUSION:

The issues raised by the confirmation of the Trustee's plan of reorganization requires resolution of not only the bankruptcy code but the United States Constitution, fundamental and penumbral rights and interpretation of civil rights under federal law. Accordingly, withdrawal of the bankruptcy reference is mandatory. The Debtor requests this Court to withdraw the reference and enter an order dismissing his bankruptcy.

Respectfully Submitted,

/s/ Jamaal L. Boykin
Jamaal L. Boykin, #031037
Counsel to Debtor
Manson Johnson Conner, PLLC
215 2nd Avenue North, Ste 300
Nashville, Tennessee 37201
(615) 254-1600 (office)
(615) 891-2395 (fax)
jboykin@mansonjohnsonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I mailed a copy of the foregoing to the U.S. Trustee, 701 Broadway Customs House, Suite 318, Nashville, Tennessee, 37203, and all other interested parties via CM/ECF.

/s/ Jamaal L. Boykin
Jamaal L. Boykin, #031037
Manson Johnson Conner, PLLC
215 2nd Avenue North, Ste 300
Nashville, Tennessee 37201
(615) 254-1600 (office)
(615) 891-2395 (fax)
jboykin@mansonjohnsonlaw.com