UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHARLES E. WALKER

    Plaintiff,

v.

JOHN C. MCLEMORE,

    Defendant.

_____/

Chapter 11 Case No. 3:16-bk-03304

Case No. 3:17-cv-00980
Honorable Gershwin A. Drain
Sitting by Special Designation

## OPINION AND ORDER DENYING DEBTOR'S MOTION FOR WITHDRAWAL OF REFERENCE PURSUANT TO 28 U.S.C. § 157(d)[#1], DENYING DEBTOR'S EMERGENCY MOTION FOR A STAY OF THE BANKRUPTCY PROCEEDINGS [#6] AND DISMISSING ACTION

**I.   INTRODUCTION**

Presently before the Court is Charles E. Walker's ("Debtor") Motion for Withdrawal of Reference, filed on June 28, 2017. On July 11, 2017, the Chapter 11 Trustee of the Debtor's estate, John C. McLemore ("Trustee"), filed his objection to the Debtor's Motion for Withdrawal of Reference. Also, before the Court is the Debtor's Emergency Motion for a Stay of the Bankruptcy Proceedings, filed on July 21, 2017. The Debtor seeks an order from this Court staying the proceedings in the Debtor's Chapter 11 bankruptcy action pending this Court's

1

decision on the Debtor's Motion for Withdrawal of Reference. The Trustee has likewise filed an objection to the Debtor's Motion for a Stay. For the reasons that follow, the Court declines to withdraw the order of reference. As such, the Debtor's Emergency Motion for Stay will be denied as moot.

## II. FACTS

The Debtor initiated his bankruptcy case on February 29, 2016 by filing a voluntary petition for Chapter 11 relief in the Bankruptcy Court for the Western District of Tennessee. On April 21, 2016, the Bankruptcy Court for the Western District of Tennessee transferred the matter to the Bankruptcy Court for the Middle District of Tennessee because the Debtor was not domiciled in the Western District.

On July 13, 2016, the Bankruptcy Court ordered that a Chapter 11 trustee be appointed to manage Debtor's bankruptcy estate. On August 1, 2016, John C. McLemore was appointed to serve as the Chapter 11 Trustee for the estate of Charles E. Walker.

On March 6, 2017, the Trustee filed his original plan of reorganization. Debtor objected to the Trustee's plan of reorganization and raised various constitutional and federal law issues in his objections. The Bankruptcy Court conducted a contested confirmation hearing on June 11, 2017. At the hearing, the Bankruptcy Court asked the Trustee to make one alteration to the plan,

2

specifically to add a provision stating that, upon the effective date of the plan, the Debtor could work in any manner he saw fit, borrow money, purchase and sell property, or engage in other financial activity so long as the Debtor's activity did not adversely impact the value of the property of the estate. The Trustee therefore amended his plan to include the Bankruptcy Court's suggested language. On June 14, 2017, the Bankruptcy Court entered an order confirming the trustee's amended plan of reorganization.

Thereafter, the Trustee moved to sell six of the Debtor's properties, which the Bankruptcy Court granted over the Debtor's timely objections. An auction for the sale of the six properties is scheduled to occur on July 26, 2017.

### III. LAW & ANALYSIS

The Debtor argues that withdrawal of the bankruptcy reference is mandatory under 28 U.S.C. § 157(d) because the Debtor raised constitutional challenges in his objections to the Trustee's reorganization plan. Conversely, the Trustee argues that Debtor has failed in his burden demonstrating that withdrawal of the reference is mandatory under 28 U.S.C. § 157(d). The Court agrees with the Trustee.[1]

---

[1] The Trustee also argues that the Debtor has waived his right to challenge the jurisdiction of the bankruptcy court. Therefore, the Trustee maintains that the Debtor's request for withdrawal is likewise waived. Because the Court concludes that the Debtor has failed in his burden to show withdrawal is mandatory, the Court need not address the Trustee's argument concerning waiver.

Title 28 U.S.C. § 157(d) governs mandatory withdrawal of the reference to the bankruptcy court. It states in relevant part that:

> The district shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceedings requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). In *In re White Motor Corp.*, 42 B.R. 693, 703-04 (N.D. Ohio 1984), the court stated what has become the litmus test for determining whether the reference must be withdrawn:

> Section 157(d) must therefore be read to require withdrawal not simply whenever non-Code federal statutes will be *considered* but rather only when such consideration is necessary for the *resolution* of a case or proceeding. The preceding analysis of legislative history and the Code's structure demonstrates the importance of the observations during the House debate that section 157(d) was not intended to become an "escape hatch through which most bankruptcy matters will be removed to the district court," and in the Senate debate that district courts "should not allow a party to use this provision to require withdrawal where such are not material to the resolution of the proceeding." Consequently, in light of the Congressional goal of having expert bankruptcy judges determine complex Code matters to the greatest extent possible, [the movant]'s motion to withdraw reference should be granted only if the current proceedings before the Bankruptcy Court cannot be resolved without *substantial and material consideration* of [the non-Code federal statutes].

*Id.* (emphasis in original)(internal citations omitted). The party alleging mandatory withdrawal of reference has the burden of showing the grounds for mandatory withdrawal are established. *In re Michigan Real Estate Ins. Trust*,

87 B.R. 447, 459 (E.D. Mich. 1988) (citing *Tedesco v. Mishkin*, 53 B.R. 120 (S.D.N.Y. 1985)). "The mere recitation of a section from the U.S. Code with the bald assertion that somehow it applies is insufficient to maintain the burden of proof on the motion." *Id.* Moreover, "[s]ending every proceeding that required passing 'consideration' of non-bankruptcy law back to the district court would 'eviscerate much of the work of the bankruptcy courts.'" *In re Vicars Ins. Agency*, *Inc.,* 96 F.3d 949, 952 (7th Cir. 1996). As such, mandatory withdrawal under 28 U.S.C. § 157(d) is not implicated unless "the issues in question require more than the mere application of well-settled or 'hornbook' non-bankruptcy law . . . ." *Id*. at 953.

Thus, in order to invoke the mandatory provision of 28 U.S.C. § 157(d), the Debtor must show that "significant interpretation of the non-Code statute" or the United States Constitution is required. *Id.; see also Olivas v. Diocese of San Diego Educ. & Welfare Corp. (In re Roman Catholic Bishop)*, 2007 U.S. Dist. LEXIS 60954, *6-7 (S.D. Cal. Aug. 20, 2007). Here, the Debtor has failed in his burden demonstrating that the current proceedings before the Bankruptcy Court cannot be resolved without "substantial and material consideration" of the constitutional issues Debtor claims are implicated by his Chapter 11 case. Nor is this Court convinced that resolution of Debtor's

5

constitutional challenges will require more than application of well-settled or hornbook non-bankruptcy law. *See In re Vicars Ins. Agency*, 96 F.3d at 952.

Additionally, the Debtor's constitutional challenges to the Trustee's reorganization plan do not require consideration of both Title 11 laws "and other laws of the United States *regulating organizations or activities affecting interstate commerce*." 28 U.S.C. § 157(d) (emphasis supplied). As such, it is evident that Congress did not intend every action raising constitutional challenges to be subject to mandatory withdrawal, rather the mandatory withdrawal provision of § 157(d) applies only where the bankruptcy case involves interpretation of federal laws "regulating organizations or activities affecting interstate commerce."

While the Debtor has not moved for permissive withdrawal under 28 U.S.C. § 157(d), the Court notes that permissive withdrawal is also inappropriate. Permissive withdrawal under § 157(d) is warranted "for cause shown." 28 U.S.C. § 157(d). There are six factors courts should consider when determining whether permissive withdrawal is warranted: "(1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent

forum shopping, and (6) other related factors." *In re Burger Boys*, 94 F.3d 755, 762 (2d Cir. 1996).

The dispute concerns confirmation of the Trustee's plan, which is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). The other factors this Court must consider do not support permissive withdrawal. The Court finds that withdrawal of the reference will thwart the efficient administration of the Debtor's estate and cause further undue delay. Accordingly, permissive withdrawal is not appropriate under the circumstances.

Because the Court finds that withdrawal of the reference is unwarranted, the Debtor's Motion for a Stay of the Bankruptcy Proceedings will be denied as moot.

## V. CONCLUSION

Accordingly, Debtor's Motion for Withdrawal of the Reference Pursuant to 28 U.S.C. § 157(d) [#1] is DENIED.

Debtor's Emergency Motion for a Stay of the Bankruptcy Proceedings [#6] is DENIED as moot.

This action is dismissed.

SO ORDERED.

Dated: July 25, 2017        /s/Gershwin A. Drain
                            GERSHWIN A. DRAIN
                            United States District Judge
                            Sitting By Special Designation